## Commonwealth v. Weston

*Daniel E. Holmes, assistant district attorney,* for the commonwealth.

*Marc F. Lovecchio,* for defendant.

RAUP, *P.J.,* March 13, 1989 — Defendant was convicted at the district justice level of the summary offense of traveling 85 miles per hour in a 55-mile-an-hour speed zone. He has filed a de novo summary appeal before this court. For the following reasons, we reverse the conviction and vacate the sentence of the district justice.

Testimony presented at the de novo summary

hearing establishes the following sequence of events. Pennsylvania State Police Trooper James H. Zellers, in civilian clothes and driving an unmarked vehicle, was traveling west on U.S. Route 220 in Lycoming County at 4:20 p.m. on August 6, 1988. At that time he was in a passing lane behind a bus which was passing slower-moving vehicles. Defendant came up close behind the trooper and made gestures indicating an impatience to get by the trooper.

After the bus and the trooper had passed the slower-moving vehicles ahead of them, the bus and then the trooper pulled over into the right hand lane. As defendant's vehicle passed the officer, defendant once again gestured toward the officer indicating that he was impatient for the trooper to move over into the right hand lane. Obviously, defendant was not aware that Trooper Zellers is a Pennsylvania State Police officer.

Trooper Zellers immediately pulled into the lane behind defendant and conducted a speed clock over a distance in excess of two miles. The parties agree that the speedometer was certified to be accurate and that the clock was over an adequate distance.

When the trooper pulled alongside defendant, he flashed his lights and exhibited his badge, causing defendant to pull over. Trooper Zellers advised the defendant that a citation would be issued for traveling 85 miles per hour in a 55-mile-per-hour zone, but that the defendant would have to wait until a uniformed officer arrived to issue the citaion. Trooper Zellers then radioed for a uniformed officer, who arrived 15 minutes later and issued the citation. The officer did not consider defendant to be free to leave in the meantime.

The issue presented is whether a non-uniformed state police officer has authority to make a stop of a

motorist for speeding under the present circumstances, and then to detain that individual for a brief period of time in order that a uniformed officer can arrive and issue the citaion. Defendant argues that he was arrested in violation of 75 Pa.C.S. §6304(a), which states:

"Authority to arrest without a warrant —

"(a) *Pennsylvania State Police* —

"A member of the Pennsylvania State Police who is in uniform may arrest without a warrant any person who violates any provision of this title in the presence of the officer making the arrest."

Because Trooper Zellers was not in uniform when he stopped the defendant, it is the defendant's contention that the stop violates Pennsylvania Rules of Criminal Procedure 51(d) and 70 as not being "authorized by law."

The commonwealth contends that Trooper Zellers was justified in making the stop because defendant's act constituted a danger to society.

We agree with defendant that his detention was an arrest in violation of 75 Pa.C.S. §6304. The commonwealth has cited no authority which creates an exception to the requirement that the officer making the arrest for a traffic summary offense must be in uniform, nor have we found any such authority. Therefore, we reverse defendant's summary conviction and vacate the sentence of the district justice.

## ORDER

And now, March 13, 1989, for the reasons set forth in the foregoing opinion, defendant's summary conviction of exceeding the maximum speed limit, 75 Pa.C.S. §3362(a)(2) is reversed, and the sentence of the district justice is vacated.